UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 JUN -8 PM 1: 03

CLERK

BY _____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 5:16-cr-81 |
| | ) |
| MISTI BAKER, | ) |
|     Defendant. | ) |

## INDICTMENT

The Grand Jury charges that:

1. At all times material to this Indictment, MISTI BAKER claimed to be a resident of Vermont. She was the mother of Child 1, Child 2, and Child 3, all of whom suffer from various disabilities.

2. The State of Vermont provided health care services to some of its low income residents pursuant to the federal Medicaid Program. The costs of the Medicaid program are shared by Vermont and the federal government. Medicaid is a health care benefit program, as defined in 18 U.S.C. § 24(b).

3. As part of its Medicaid program, Vermont offered the Children's Personal Care Services program ("CPCS"). The goal of CPCS was to provide supplemental assistance with self-care and activities of daily living to Medicaid eligible children with significant disability or health conditions at home and in the community.

4. CPCS provided families with the option of selecting the persons to provide CPCS care in their homes. If a CPCS family elected to manage the care received under the program in this fashion, the family utilized Aris Solutions, of White River Junction, Vermont, to process payroll, and take care of other employer responsibilities, such as conducting background checks, withholding employee taxes, reporting taxes, etc. In this capacity, Aris Solutions is a fiscal

intermediary between the Vermont Medicaid program and the family-managed CPCS program participants.

5. Before a care giver may receive payment for providing CPCS care, Aris Solutions must receive a completed time sheet, signed by both the family-employer and the care-giver employee indicating the dates and times during which the employee provided care to the CPCS beneficiary. Upon receipt of the time-sheet, Aris Solutions calculates the hours worked by the care giver, and processes the payment to the employee, making the appropriate withholdings. The funding source for payments made from Aris Solutions to CPCS care-givers is the Vermont Medicaid Program.

6. During 2012, 2013, 2014, and 2015, Child 1, Child 2, and Child 3 were eligible to receive care under the Vermont CPCS program.

7. From in or about June 2012 to in or about March 2015, MISTI BAKER signed and submitted approximately 100 time sheets described above to Aris Solutions falsely indicating that Child 1, Child 2, and Child 3 had received CPCS program care when, in fact, they had not received such care. The time sheets signed and submitted by MISTI BAKER bore a signature that purported to be the care-giver listed on the time sheets. On all but one of these time sheets, the care-giver had not, in fact, signed the time sheet.

8. It was further part of the scheme that the checks issued by Aris Solutions made payable to the care giver named in the false time sheets were mailed by Aris Solutions to various addresses and Post Office Boxes over which MISTI BAKER had access.

9. It was further part of the scheme that checks issued by Aris Solutions from July 2012 to April 2013, pursuant to the above-described scheme payable to the care giver were endorsed in handwriting stating "Pay to the order of Misti Baker," and were deposited into, or

cashed against the balance of, MISTI BAKER's account at Heritage Credit Union. The purported care giver never received any of the checks, and never endorsed any of the checks.

10. It was further part of the scheme that checks issued by Aris Solutions from April 2013 to March 2015, pursuant to the above-described scheme, payable to the care giver, were endorsed in handwriting stating "Pay to the order of Richard Brown," and were deposited into, or cashed against the balance of, Richard Brown's account at the Lake Sunapee Bank. The purported care giver never received any of the checks, and never endorsed any of the checks.

11. This scheme resulted in the fraudulent payment of approximately $77,306.57 by Aris Solutions in response to the submission of the false and fraudulent time sheets described above.

12. From in or about June 2012 to in or about March 2015, in the District of Vermont, MISTI BAKER knowingly and willfully executed the above-described scheme and artifice to defraud Vermont Medicaid and to obtain by means of false or fraudulent pretenses and representations, the money or property owned by, or under the custody or control of Vermont Medicaid, a health care benefit program as defined in 18 U.S.C. § 24(b), in connection with the delivery of and payment for health care benefits, items, and services.

(18 U.S.C. § 1347)

A TRUE BILL

_____
FOREPERSON

ERIC S. MILLER (JO)
United States Attorney
Burlington, Vermont
June 8, 2016

3